```
                   UNITED STATES BANKRUPTCY COURT
                   NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION
```

IN RE:                                ) CHAPTER 13
                                      )
RACHEL SHANNON CARTWRIGHT,            ) CASE NO. 10-89836-JRS
                                      )
                                      )
      DEBTOR.                         )

## OBJECTION TO CONFIRMATION

COMES NOW ADAM M. GOODMAN, TRUSTEE herein, and objects to Confirmation of the Plan for the following reasons:

1. Debtor has failed to attend the 11 U.S.C. Section 341 hearing.

2. The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

3. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

4. The Debtor has failed to provide the Trustee with a copy of the 2009 federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

5. The Debtor proposes to retain real property with pre-petition arrearage of $45,000.00 and no equity, while paying unsecured creditors a eighty percent (80%) dividend.  Based on the foregoing, the proposed plan may violate 11 U.S.C. Section 1325 (a)(3).

6. Debtor is self-employed; however, the Chapter 13 budget and schedules do not include an itemization for business expenses; thereby, preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income, in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7) and 1325(b).

7. Debtor has failed to respond to Questions 19 through 25 of the Statement of Financial Affairs, responses which are required for any self employed person(s), partner (other than limited partner) or sole proprietor, thereby preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income, in violation of 11 U.S.C. Sections 1325(a)(3), 1325 (a)(6), 1325(a)(7), and 1325(b).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8.   The Debtor should provide proof of the $650.00 expense for non-filing spouse's domestic support obligation and $600.00 child care expenses reflected on Schedule J. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

9.   Pursuant to information received from the Internal Revenue Service, 2008 and 2009 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

10.   In accordance with General Order No. 6-2006 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's non-filing spouse's $5,400.00 income and Debtor's $2,200.00 gross monthly income to the Chapter 13 Trustee.  11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

11.   The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $2,200.00 per month, and tax escrow slips have not been submitted; thereby, indicating that the proposed budget and Plan are infeasible, 11 U.S.C. Section 1325(a)(6).

12.   Debtor has filed three (3) previous bankruptcy cases to-wit: case number 06-61293 filed February 6, 2006 and dismissed after confirmation January 9, 2007; case number 06-80188 filed October 7, 2008 and dismissed prior to confirmation January 8, 2009; and case number 09-71725 filed May 4, 2009 and dismissed prior to confirmation July 30, 2009.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case pursuant to 11 U.S.C. Section 105(a) and Section 109(g), thereby rendering the Debtor ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days.

　　　　　　　　　　　　　　　　____/s/_____
　　　　　　　　　　　　　　　　Jason L. Rogers
　　　　　　　　　　　　　　　　Attorney for Chapter 13 Trustee
　　　　　　　　　　　　　　　　GA Bar No. 142575

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

10-89836-JRS

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTOR:

    RACHEL SHANNON CARTWRIGHT
    630 BECKENHAM WALK DRIVE
    DACULA, GA 30019

ATTORNEY FOR DEBTOR:

    SAEDI & WELLS, LLC
    2385 WALL STREET
    CONYERS, GA 30013

the above in the foregoing matter with a copy of this pleading by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 3rd day of December 2010.

       /s/
_____

Adam M. Goodman, Chapter 13 Trustee
Suite 200 - 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444